UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PABLO RINCON-MARIN, on behalf of himself and all other similarly situated consumers,  Plaintiff,  vs.  CREDIT CONTROL, LLC.,  Defendant. | Case No.:  CLASS ACTION COMPLAINT  JANUARY 3, 2017 |

Plaintiff, Pablo Rincon-Marin (hereinafter "Plaintiff"), on behalf of himself and all other similarly situated consumers, by and through undersigned counsel, hereby alleges against Credit Control LLC (hereinafter "Defendant"), as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k (d).

3. Venue is proper in this district under 28 U.S.C §1391(b)

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in Darien, Connecticut and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5.  Defendant is a corporation doing business in the State of Connecticut, with its corporate address as 5757 Phantom Dr,. Suite 330 in Hazelwood, Missouri and is "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

**FACTUAL STATEMENT**

6.  On or about October 18th, 2016, Defendant sent Plaintiff the letter attached as Exhibit A, in attempt to collect a debt from Plaintiff.

7.  Exhibit A sought to collect a purported credit card debt incurred for personal, family or household purposes and not for business purposes. Upon information and belief, the underlying debt is beyond the statute of limitations. Upon information and belief, the underlying debt is over seven years old, making it ineligible for credit reporting.

8.  Credit card debt has long been considered a "debt" as that term is used and defined within the FDCPA.

9.  Collection letters within the Second Circuit are viewed from the perspective of the least sophisticated consumer.

**A. Credit Reporting**

10. Exhibit A is false, deceptive, and misleading because the letter presents multiple conflicting interpretations as to whether or not the underlying delinquency will be reported to the credit bureaus.

11. Defendant's letter states:

> Please note that a negative credit bureau report reflecting on your credit record <u>may be submitted to a credit reporting agency</u> by the current account owner if you fail to fulfill the terms of your credit obligations. This notice in no way affects any rights you may have.

> The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it and LVNV Funding LLC <u>will not report it to any credit reporting agency</u>.

12. By stating that the debt may be reported to the credit bureaus, and then stating that it would not be reported, Defendant's letter confuses the consumer concerning whether the debt will be reported or not.

13. The letter also confuses the consumer concerning whether the Defendant itself may report the delinquency to the credit bureaus. While stating in one sentence that the debt may be reported to the credit bureaus, but that only LVNV will not report it, the least sophisticated consumer is led to believe, that the account in question may be reported by the Defendant itself. In fact, the debt is no longer eligible for credit reporting at all.

14. Another reasonable interpretation of the letter given the proximity of the confusing and conflicting language is that what Defendant means when it says the current owner may report it to the credit bureaus, is that the owner just prior to LVNV may report it to the credit bureaus. Through this interpretation, the least sophisticated consumer reconciles the inherent contradictory language, leaving the consumer confused as to his or her rights.

### B. Interest

15. Notwithstanding the above, Defendant is attempting to collect a debt against Plaintiff incurred from the use of a credit card.

16. Even the least sophisticated is aware that credit card debts accrue interest.

17. In Exhibit A, Defendant discloses the principal balance obligation in addition to the interest balance obligation.

18. Although the underlying debt provides for the right to collect interest, upon information and belief, Defendant chooses not to collect interest making Defendant's letters even more confusing to the least sophisticated consumer.

19. Despite Defendant's choice not to pursue interest, Defendant's letter deceptively implies that interest is accruing by making clear that interest is being pursued on the debt.

20. Upon information and belief, Defendant highlights the "Interest balance" to impart a sense of urgency to the consumer to pay his or her debts lest interest continue to accrue.

21. Thus, Defendant's deceptive language leads to two reasonable interpretations.

22. On the one hand, the least sophisticated consumer reads Exhibit A and believes that the balance being sought in the letter is the total and final balance. This interpretation is supported by Defendant's failure to disclose that interest is accruing.

23. On the other hand, the least sophisticated consumer reads Exhibit A and believes that interest is continuing to accrue given the fact that even the least sophisticated consumer is aware that credit card debt accrues interest, and by applying this information in the context of Defendant's clear indication that interest is accruing by the listing of the "interest balance."

24. Disclosing whether or not interest is accruing is in fact material as it directly impacts whether a consumer will pay their debts. If interest is accruing, a consumer is more likely to pay their debts before they increase.

25. Given that Defendant's letter leads to two reasonable interpretations, at least one of which is false, Defendant's letter is false, deceptive, and misleading.

## CLASS ACTION ALLEGATIONS

### The Class

26. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

27. Plaintiff seeks certification of the following classes, initially defined as follows:

**Credit Reporting Classes:**

**Subclass A: All consumers within the State of Connecticut that have received collection letters from Defendant concerning debts used primarily for personal, household,**

**or family purposes within one year prior to the filing of this complaint that provide false and deceptive language concerning credit reporting of the underlying account in violation of the FDCPA.**

**Subclass B: All consumers within the State of Connecticut that have received collection letters from Defendant concerning debts used primarily for personal, household, or family purposes within three years prior to the filing of this complaint that provide false and deceptive language concerning credit reporting of the underlying account in violation of CUTPA.**

**Interest Classes:**

**Subclass A: All consumers within the State of Connecticut that have received collection letters from Defendant concerning debts used primarily for personal, household, or family purposes within one year prior to the filing of this complaint that provide false and deceptive language concerning the accrual of interest in violation of the FDCPA.**

**Subclass B: All consumers within the State of Connecticut that have received collection letters from Defendant concerning debts used primarily for personal, household, or family purposes within three years prior to the filing of this complaint that provide false and deceptive language concerning the accrual of interest in violation of CUTPA.**

28. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

## Numerosity

29. Upon information and belief, Defendant has sent collections letters in attempt to collect a debt to hundreds if not thousands of consumers throughout Connecticut, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

30. The letters sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

31. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

32. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

33. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendants common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

34. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

35. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

**Proceeding Via Class Action is Superior and Advisable**

36. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

37. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

38. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

39. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

40. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

41. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

42. Absent a class action, the Class members will continue to suffer losses borne from Defendants breaches of Class members' statutorily protected rights as well as monetary damages,

thus allowing and enabling: (a) Defendants conduct to proceed and; (b) Defendants to further enjoy the benefit of its ill-gotten gains.

Defendants have acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

43. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

44. Defendant's false and deceptive representations to Plaintiff violate the below provisions of the FDCPA.

45. Section 1692e provides:

> **§ 1692e. False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)    the false representation of the character, amount, or legal status of any debt;**
>
> **(5)    The threat to take any action that is not intended to be taken;**
>
> **(10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

8

46. Section 1692f provides:

> **§ 1692f. Unfair Practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

## COUNT II
## VIOLATION OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT
## Conn. Gen. Stat. § 42-110 *et seq.*

47. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

48. Defendant's collection letter is false and deceptive in violation of numerous provisions of the FDCPA.

49. Defendant's collection letter is therefore also false and deceptive in violation of Connecticut Unfair Trade Practices Act, C.G.S. § 42-110a et seq.

WHEREFORE, Plaintiff, Pablo Rincon-Marin, respectfully requests that this Court do the following for the benefit of Plaintiff:

- A. Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;
- B. Enter judgment against Defendant for statutory damages, 15 U.S.C. § 1692k(a)(2)(A) and (B), in the amount of $1,000.00 for Plaintiff and each member of the class;
- C. Provide injunctive relief in the form of stopping Defendant from seeking illegal fees from consumer;

D. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)3 and C.G.S. § 42-110g;

E. Award punitive damages to Plaintiff and each member of the class pursuant to C.G.S. § 42-110g;

F. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

50. Plaintiff demands a jury trial on all issues so triable.

Dated this 3rd day of January, 2017.

Respectfully Submitted,

/S/ Peter M. Van Dyke
Peter M. Van Dyke, ct24747
pvd@eddf-law.com
Eagan, Donohue, Van Dyke & Falsey, LLP
24 Arapahoe Road
West Hartford, CT 06107
Juris No: 106162
(860) 232-7200