UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PABLO RINCON-MARIN, | : |
| | : |
| PLAINTIFF, | : |
| Individually and on behalf of all | : |
| other persons similarly situated, | : |
| | : CIVIL ACTION NO. 3:17-cv-07 (VLB) |
| | : |
| v. | : FEBRUARY 23, 2018 |
| | : |
| CREDIT CONTROL, LLC, | : |
| DEFENDANT. | : |

## ORDER CERTIFYING CLASS AND
## PRELIMINARILY APPROVING SETTLEMENT AGREEMENT

The Plaintiff, Pablo Rincon-Marin ("Plaintiff" or "Rincon-Marin"), individually and on behalf of all other persons similarly situated brings this action against Credit Control, LLC ("Credit Control" or "Defendant") for sending debt collection letters which included false and deceptive language concerning credit reporting of the underlying account and the accrual of interest in violation of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 41-110a *et seq.* ("CUTPA"). Plaintiff and Defendant jointly seek preliminary approval of the parties' class settlement agreement on behalf of the following class:

> All consumers nationwide who were sent collection letters and/or notices from Defendant attempting to collect a consumer debt wherein said collection letters state both that 'Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations. This notice in no way affects any rights you may have,' and 'The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it and LVNV Funding LLC will

1

not report it to any credit reporting agency,' since January 3, 2016 through October 26, 2017.

[Dkt. 27 ("Motion") are 1.] For the foregoing reasons, the proposed class is certified and the proposed settlement agreement is preliminarily approved.

I. <u>Background</u>

Plaintiff is a Connecticut resident and consumer. [Dkt. 1 (Complaint) at 2.] Defendant is a corporation doing business in Connecticut. *Id*. at 3. Defendant regularly attempts to collect on debts primarily incurred for personal, family, or household purposes. *Id*. On October 18, 2016, Defendant sent Plaintiff a letter which includes multiple inconsistencies. [Dkt. 1-1 (Letter) at 1.] First, the letter states "a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations." *Id*. The letter also states that because "of the age of your debt, LVNV [the current creditor, which hired Defendant to collect the debt] . . . will not report it to any credit reporting agency." *Id*.

Second, the letter states, in bold, that the balance due is $7,652.16. *Id*. The letter also states the "interest balance" is $1,990.01. *Id*. Plaintiff asserts that, based on information and belief, Defendant does not collect interest on debts. Complaint at 4. Given that knowledge, Plaintiff asserts the "interest balance" section of the letter is confusing and "impart[s] a sense of urgency to the consumer to pay his or her debts lest interest continue to accrue." *Id*. Plaintiff also notes that the letter does not indicate whether interest is continuing to accrue. *Id*.

2

Plaintiff asserts that each inconsistency in the letter leads to two reasonable interpretations, at least one of which is false, rendering the letter false, deceptive, and misleading. *Id*. Plaintiff brought this action alleging the two inconsistencies violated the FDCPA and CUTPA.

After Plaintiff initiated this action, the parties "voluntarily exchanged discovery information" and "began engaging in extensive arms-length discussions to resolve the litigation, which ultimately culminated in an agreement to settle the claims." [Dkt. 27-1 (Memorandum in Support of Motion) ("Memo") at 2.] The parties have jointly moved for certification of the class articulated above and jointly move for approval of their proposed class settlement agreement. *Id*. The proposed class settlement agreement contemplates liability for the first alleged inconsistency, regarding reporting to credit reporting agencies, under the FDCPA.

## II. Legal Standard

"The party seeking to certify a class bears the burden of demonstrating numerosity, commonality, typicality, and adequacy" under Fed. R. Civ. P. 23; *see also Caridad v. Metro-North Commuter R.R.*, 191 F.3d 283, 291 (2d Cir. 1999). A "district court may not grant class certification without making a determination that all of the Rule 23 requirements are met." *In re Initial Pub. Offerings Secs. Litig.*, 471 F.3d 24, 40 (2d Cir. 2006). "To be certified as a class, the class must satisfy the four threshold requirements of 23(a): 'the class must be so numerous that joinder of all members is impracticable ('numerosity');'there must be questions of law or fact common to the class ('commonality'); the claims or

defenses of the representative parties are typical of the claims or defenses of the class ('typicality'); and the representative parties will fairly and adequately protect the interests of the class ('adequacy of the representation')." *Ellis v. Gen. Revenue Corp.*, 274 F.R.D. 53, 60 (D. Conn. 2011) (citing Fed. R. Civ. P. 23(a)). Additionally, the class must satisfy one of the requirements of 23(b). Fed. R. Civ. P. 23(a)-(b). Here, the Plaintiffs seek certification under Rule 23(b)(3), which provides that a class may be maintained if "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

### III. Analysis of Class Certification

As stated above, Plaintiff and Defendant jointly seek preliminary approval of the parties' class settlement agreement on behalf of the following class:

> All consumers nationwide who were sent collection letters and/or notices from Defendant attempting to collect a consumer debt wherein said collection letters state both that 'Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations. This notice in no way affects any rights you may have,' and 'The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it and LVNV Funding LLC will not report it to any credit reporting agency,' since January 3, 2016 through October 26, 2017.

As to the numerosity requirement for class certification, the Second Circuit has recognized a class of 40 members as large enough to meet the numerosity requirement. *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995). Here, based on Defendant's review of its business records, the parties jointly assert that approximately 1,914 persons meet the class description.

4

Motion at 2.  Accordingly, the Court finds this class of almost 2,000 members sufficiently numerous for class certification.

As to commonality, where the claims of all class members arise out of the same practice or course of conduct, their claims are based on the same questions of fact.  *Rivera v. Fair Chevrolet Geo P'ship*, 165 F.R.D. 361, 363 (D. Conn. 2006).  Where the claims of all members are raised under the same legal theory, they involve a common question of law and meet the class action commonality requirement.  *Dupler v. Costco Wholesale Corp.*, 249 F.R.D. 29, 37 (E.D.N.Y. 2008).  "Courts have found that 'the test for commonality is not demanding' and is met so long as there is at least one issue common to the class."  *Raymond v. Rowland*, 220 F.R.D. 173, 179 (D. Conn. 2004).  Specifically, [i]In cases where FDCPA plaintiffs have received common debt collection letters from the defendants that form the basis of the lawsuit, courts have found common questions of law or fact sufficient to certify the class."  *Reese v. Arrow Fin. Servs., LLC*, 202 F.R.D. 83, 92 (D. Conn. 2001) (citing *Macarz v. Transworld,* 193 F.R.D. 46, 49 (D.Conn.2000)).

Here, the parties agree that there are questions of law and fact common to the proposed settlement class.  Motion at 2.  The common factual issue is "that CCLLC sent each of them a <u>standardized</u>, computer-generated, initial collection letter in an attempt to collect a debt, which <u>uniformly</u> had conflicting language concerning whether the debt would or would not be reported to the Credit Reporting Agencies."  *Id*. (emphasis in original).  The common legal issue is whether that letter violates the FDCPA.  *Id.*  The Court agrees with the parties that

the proposed class meets the commonality requirement. *See Reese*, 202 F.R.D. at 92.

Similar to the commonality requirement, typicality is satisfied where "the claims of the class representatives [are] typical of those of the class, and is satisfied when each class member makes similar legal arguments to prove the defendant's liability." *Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147, 155 (2d Cir. 2001). "When the same unlawful conduct was directed at both the named plaintiff and the class to be represented, the typicality requirement is usually met irrespective of varying fact patterns which underlie individual claims." *Labbate-D'Alauro v. GC Servs. Ltd. P'ship*, 168 F.R.D. 451, 456 (E.D.N.Y. 1996). The parties agree that Plaintiff's claims are typical of those of class members, as they are based on the same alleged facts (the standardized letter) and legal theory (violation of the FDCPA). *Id*. at 3. The Court agrees that the parties' proposed class satisfies the typicality requirement.

Finally, the Court must determine whether the lead plaintiff will fairly and adequately represent the class. To determine adequacy, the Court must inquire as to whether "1) plaintiff's interests are antagonistic to the interest of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000). "[O]nly a conflict that goes to the very subject matter of the litigation will defeat a party's claim of representative status." *Kuck v. Berkey Photo, Inc.*, 81 F.R.D. 736, 740 (S.D.N.Y.1979) (quoting 7 Wright & Miller, Federal Practice & Procedure § 1768, at 639 (1972)). The commonality, typicality,

and adequacy requirements of Rule 23 "tend to merge," and revolve around "whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 158 n.13 (1982). In general, where the lead plaintiff and the class members "share the common goal of maximizing recovery," the proposed lead plaintiff is presumed to be fair and adequate. *Kemp-DeLisser v. Saint Francis Hosp. & Med. Ctr.*, 15-cv-1113, 2016 WL 6542707, at *12 (D. Conn. Nov. 3, 2016).

The parties agree that Plaintiff will fairly and adequately protect the interest of the class, as Plaintiff's counsel is experienced in litigating claims of unlawful practices under the FDCPA and other consumer protection statutes, as well as complex litigation. *Id.* at 3. In addition, the parties agree that neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action. *Id.* The parties correctly suggest that where there is no evidence that the lead plaintiff and class members' interests are at odds, Courts presume the adequacy requirement of class certification is satisfied. *See, e.g., Kiefer v. Moran Foods, LLC*, 12-cv-756, 2014 WL 3882504, at *3 (D. Conn. Aug. 5, 2014).

Further, at a teleconference on January 2, 2018, Plaintiff's counsel advised that Defendant offered to settle Plaintiff's individual claims on more personally advantageous terms, but Plaintiff declined in order to pursue a class settlement.

In addition, the terms of the proposed settlement agreement also support Plaintiff's adequacy as a representative. While Mr. Rincon-Marin stands to benefit more than other class members under the settlement, he successfully negotiated

for class members to receive a reasonable sum in light of the applicable statute. [Dkt. 27-2 (Settlement Agreement) at 6.] Specifically, the FDCPA caps a class's recovery at the lesser of $500,000 or 1% of the debt collector's net worth. 15 U.S.C. § 1692k(a)(2)(B)(ii). The parties represent that the settlement amount proposed represents over .5% of Defendant's net worth, as calculated by an independent auditor. Motion at 4. Plaintiff explained at the January 2, 2018 teleconference that, after conducting discovery, Plaintiff has a good faith belief that if this case were to proceed to trial, Defendant would have a meritorious bona fide error defense. Because of this potential defense, and the risk associated with proceeding to trial, Plaintiff has represented to the Court its belief that a class settlement award of over .5% of Defendant's net worth is reasonable. In addition, regarding Mr. Rincon-Marin's higher award, the Court recognizes the general acceptance of "incentive awards" to lead plaintiffs in class actions to compensate them for incurring "a variety of risks and tasks when they commence representative actions, such as complying with discovery requests." *Kemp-DeLisser*, 2016 WL 6542707 at *18. The Court accordingly finds Plaintiff an adequate class representative.

Finally, the parties also agree that a class action is the superior method for a fair and efficient adjudication of this controversy under Federal Rule of Civil Procedure 23(b)(3). *Id.* Matters pertinent to the Rule 23(b)(3) analysis include:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;
(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

      **(D) the likely difficulties in managing a class action.**

**Fed. R. Civ. P. 23(b)(3)(A) – (D). The parties agree that it is unlikely that individual consumers would pursue lawsuits only to recover a statutory maximum of $1,000. Memo at 9. Illustrative of that point, there have been no individual lawsuits filed concerning CCLLC's alleged violation of the FDCPA beyond the instant action. *Id*. As to the desirability of this forum, the parties agree that the lead plaintiff, Mr. Rincon-Marin, is a Connecticut resident, which makes this forum desirable. *Id*. at 10. Finally, the parties assert that managing this lawsuit as a class action will not be difficult given the parties' experience with FDCPA litigation, the extent that common claims will predominate, the proposed settlement, and the fact that Congress specifically contemplated that FDCPA claims would be litigated through class actions. *Id*. (citing 15 U.S.C. § 1692).**

      **Courts also find a class action superior to other available means of adjudication under Rule 23(b)(3) where "resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and . . . these issues are more substantial than the issues subject only to individualized proof." *Moore v. PaineWebber, Inc*., 306 F.3d 1247, 1252 (2d Cir. 2002). Here, because Defendant sent standardized letters to all proposed class members, whether those letters violated each prospective class member's rights under the FDCPA can be answered through generalized proof.**

In light of the foregoing, the Court finds that a class action is the superior method for a fair and efficient adjudication of this controversy under Federal Rule of Civil Procedure 23(b)(3). The Court certifies the proposed class.

### IV. Preliminary Approval of Settlement Agreement

Final approval of any proposed class settlement requires "careful balancing" of the settlement's "faIr[ness], reasonable[ness] and adequa[cy]." Fed. R. Civ. P. 23(e). This inquiry first requires the Court to determine whether the proposed settlement terms warrant "preliminary approval." Preliminary approval where "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representative or segments of the class and falls within the reasonable range of approval." *O'Connor v. AR Resources, Inc.*, 2010 WL 1279023, at *3 (D. Conn. Mar. 30, 2010) (citing *In re Nasdaq Mkt.-Makers Antitrust Litig.,* 176 F.R.D. 99, 102 (S.D.N.Y.1997)).

As discussed above, the Court is satisfied that the terms of the settlement agreement were reached through thorough discovery and careful evaluation of the strengths of each party's claims and defenses. Specifically, the Court finds that the proposed settlement agreement provides reasonable settlement awards to class members and to the lead Plaintiff in light of the settlement award limitations imposed by the FDCPA, Defendant's potential bona fide error defense, and the general acceptability of reasonable "incentive awards" to lead plaintiffs. Accordingly, the Court preliminarily approves the settlement agreement.

V. **Conclusion**

All of the prerequisites under Rule 23(a) are satisfied and certification under Rule 23(b)(3) is warranted. The Court therefore certifies the class articulated herein, appoints Daniel Zemel and Peter M. Van Dyke as Class Counsel, and appoints Mr. Rincon-Marin as representative of the Settlement Class. The Court also preliminarily approves the proposed settlement agreement, approves the mailing of the notice and claim form to Settlement Class members as found in the Motion at Exhibit 1 to Exhibit A, finds the mailing of such notice satisfies the requirements of due process, and imposes the following deadlines:

1.) Class notice is to be mailed by March 26, 2018;

2.) Settlement Class members shall have until May 10, 2018 to exclude themselves from, or object to, the settlement agreement. Any Settlement Class members desiring to exclude themselves from the action must serve copies of the request on the Class Administrator by the same date. Any Settlement Class members who wish to object to the settlement must submit an objection in writing to the District of Connecticut's Clerk's Office and serve copes of the objection on the Class Administrator by the same date.

3.) The parties shall file with the Court a report of the results of class notification, including the number of class members who excluded themselves from or objected to the settlement agreement, by June 11, 2018.

4.) A final hearing on the fairness and reasonableness of the settlement agreement will take place on July 26, 2018 at 10:00 a.m., at 450 Main Street, Courtroom Three, before the undersigned.  At the hearing, the Court will also determine whether to grant final approval to the settlement agreement and whether to grant the parties' requests for fees and expenses by Class Counsel.

**IT IS SO ORDERED.**


_____/s/_____
**Hon. Vanessa L. Bryant
United States District Judge**

**Dated at Hartford, Connecticut this 23rd day of February, 2018.**