## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

PABLO RINCON-MARIN, on behalf   :
of himself and all other similarly   :
situated consumers,   :     No. 3:17-cv-00007 (VLB)
     Plaintiff,   :
  :
     v.   :     July 30, 2018
  :
CREDIT CONTROL LLC,   :
     Defendant.   :
  :
  :

### ORDER CERTIFYING CLASS AND APPROVING CLASS SETTLEMENT

Before the Court is a request for final certification of a class and approval of class settlement.  This action was commenced on January 3, 2017 by a complaint filed by Plaintiff, Pablo Rincon-Marin (hereinafter "Plaintiff" or "Lead Plaintiff"), on behalf of himself and all other similarly situated consumers, alleging Credit Control LLC (hereinafter "Defendant") sent consumers a misleading notice in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").  On October 29, 2017 the parties filed their Joint Motion to Certify Class. [Dkt. No. 27]. The proposed class consisted of:

> All consumers nationwide who were sent collection letters and/or notices from Defendant attempting to collect a consumer debt wherein said collection letters state both that "Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations. This notice in no way affects any rights you may have," and "The law limits how long you can be sued on a debt. Because of the age of your debt, (LVNV Funding LLC) will not sue you for it and (LVNV) Funding LLC will not report it to any credit reporting agency," since January 3, 2016 through October 26, 2017.

[Dkt. No. 27-1, ¶ 4(a)].

On February 23, 2018 the Court issued its Order Certifying Class and Preliminarily Approving Settlement Agreement (hereinafter the "Order"). [Dkt. No. 31].  The Order scheduled a fairness hearing  for July 26, 2018 at 10:00 a.m (hereinafter "Fairness Hearing").    [Dkt. Nos. 37 & 38].

Pursuant to this Court's Order the parties submitted their Joint Report of Class Notification. [Dkt. No. 33].  Their submission included the Affidavit of Bailey Hughes, Case Manager at First Class, Inc., the Claims Administrator (hereinafter "Hughes Affidavit"). [Dkt. No. 33, Exhibit A].

Counsel for the parties appeared at the Fairness Hearing on July 26, 2018. The hearing was convened at approximately 10:00a.m.  No class members or members of the public appeared.  The Court inquired of the parties concerning certain aspects of the proposed settlement and the class member response. Class Counsel, Attorney Zemel, informed the Court on the record of the special circumstances entitling the Class Representative to an incentive award, which circumstances were the Class Representative's active and effective involvement in the litigation, including his participation in settlement negotiations and preparation for submission to a deposition which was obviated by the parties' proposed settlement.  Said Class Counsel also represented to the Court that opt-in by approximately 10% of the class members is customary in FDCPA cases, supporting the adequacy of the settlement amount. [Fairness Hearing, Dkt. No. 38].

Based on the record as a whole, the Court makes the following findings:

1.      The class consists of 1,811 individuals, satisfying the numerosity standard.  [Hughes Affidavit, ¶ 7].

2.      The claims of all the class members rest on common questions of law and fact, in that all class members received the same letter containing assertedly misleading statements.

3.      The Class Representative received the same letter as all other class members.

4.      The Class Representative has no claims and is subject to no defenses distinguishing him from other class members and thus is a typical class member.

5.      Common questions of fact and law predominate.

6.      Class resolution is superior in that it avoids inconsistent verdicts and legal standards and promotes judicial efficiency.

7.      Class Counsel is highly experienced and has achieved a prompt resolution.

8.      The Class Representative is a Connecticut resident, which makes this forum desirable.

9.      There have been no individual lawsuits filed against Defendant regarding the conduct alleged in the instant action. [Dkt. No. 27-1, at 9-10].

10.     The notice mailed to class members was given in the manner and time specified by the Court in the Order. [Hughes Affidavit, ¶ 6-7].

11.    As of the date of the Fairness Hearing no objections had been received by the Claims Administrator. [Hughes Affidavit, ¶ 11].

12.    As of the date of the Fairness Hearing only three (3) requests to be excluded from the class and settlement had been received by the Claims Administrator. [Hughes Affidavit, ¶ 12].

13.    The Court has received no objection, request for exclusion or other communication from any class member.

14.    183 class members opted-into the class, representing slightly more than 10.0% of the class. [Fairness Hearing, Dkt. No. 38].

15.    Although recoveries total far less than 1% of Defendant's net worth, a $40 recovery by each class member compares favorably with recoveries in class actions generally and the low percentage is largely due to the paltry class member response (approximately 10%) which is nonetheless typical in FDCPA cases and suggests the settlement is adequate.

16.    Payment to Class Counsel of $18,500 attorneys' fees and $535 class administrative costs is reasonable.

17.    The Class Representative's statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) of $1,000.00 plus an additional $1,500 in recognition of his service to the Settlement Class are reasonable and permitted by statute.  *See Babcock v. C. Tech Collections, Inc.*, 1:14-CV-3124(MDG), 2:14-CV-3576 (MDG), 2017 WL 1155767 at *8 (E.D.N.Y. March 27, 2017).

WHEREFORE, the Court hereby certifies the class; finds the settlement is fair, adequate, and reasonable; and approves the settlement.  Judgment is entered in accordance with the parties' settlement without admission of wrongdoing by the Defendant.  The Defendant is ordered to make payment as specified in the proposed settlement hereby approved.  Within 120 days of the date of this order, Class Counsel shall file with this court the report of the Claims Administrator and such other report(s) necessary to demonstrate that distributions to the class members, Lead Plaintiff, Class Counsel and the Claims Administrator have been made in accordance with the settlement and this order.

IT IS SO ORDERED at Hartford, Connecticut this 30th day of July, 2018.

*Vanessa Lynne Bryant*   Vanessa Bryant
                         2018.07.30 10:35:50 -04'00'

**Vanessa L. Bryant**
**United States District Judge**